STATE v. COLBY.

Under Laws 1891, c. 60, a license for the keeping of a dog, if not procured till after April 30, is not a protection against a prosecution on account of the keeping of the dog before the license was procured.

COMPLAINT, under Laws 1891, c. 60, s. 8, by a police officer who had received a warrant under s. 11. The defendant moved to dismiss the complaint.

*Albert S. Wait,* for the state.

*George R. Brown,* for the defendant.

BLODGETT, J. The act of 1891, known as the "dog law," provides, among other things, that every owner or keeper of a dog shall annually, on or before the thirtieth day of April, cause it to be registered, numbered, described, and licensed for one year from the ensuing May; that clerks of cities and towns shall issue such licenses, receive the money therefor, and pay the same into the treasuries of their respective towns and cities on or before the first day of June of each year, retaining to their own use twenty cents for each license; that whoever keeps a dog contrary to the provisions of the act shall forfeit fifteen dollars, five dollars of which shall be paid to the complainant, and ten dollars to the treasurer of the city or town; that the mayor of each city and selectmen of each town shall annually, within ten days from the first day of May, issue a warrant to one or more police officers or constables, directing them to proceed, etc., and to enter complaint against the owners or keepers of such dogs; that each police officer or constable to whom the warrant is issued shall return the same, and shall state in said return whether complaints have been entered against all the persons who have failed to comply with said provisions; that the mayor of each city and the chairman of the selectmen of each town shall annually, within ten days from the first day of July, transmit a certificate, etc., to the county solicitor, who shall prosecute all such city and town officers as have failed to comply with said provisions; that any city or town officer who refuses or wilfully neglects to perform the duties imposed upon him shall be punished by fine not exceeding one hundred dollars; and that any person aggrieved by such refusal or neglect, may report the same forthwith to the county solicitor of his county. Laws 1891, c. 60, ss. 1, 5, 8, 11, 12, 13, 22.

These provisions, when fairly considered, leave no room for

doubt that the failure of the defendant to have his dog licensed on or before April 30 was a violation of the statute which made him liable to the prescribed penalty, and that it was the duty of the complainant to enforce the penalty by virtue of his warrant, as well as to protect himself from liability to prosecution and punishment for the neglect of this duty imposed by *s.* 22. Having incurred the penalties of the law, the defendant could not shield himself from prosecution by subsequently procuring a license. Town clerks have no discretion in the matter of issuing such licenses. "An owner of a dog may at any time have it licensed until the first day of the ensuing May," is the language of the second section of the act. But this is no waiver of the right to prosecute for penalties previously incurred, and constitutes no defence in the present case.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.